| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DENNIS DEEN CHARTERS, Individually §
and as Personal Representative of the Estate §
of Dennis Wade Charters, Deceased, and §
CATHY CHARTERS, Individually and as §
Representative of the Estate of Dennis Wade §
Charters, Deceased, §
 §
      Plaintiffs, §
 §
versus §   CIVIL ACTION NO. 1:15-CV-199
 §
ENTERGY CORPORATION, ROGERS §
HELICOPTERS, INC., SOURCE §
HELICOPTERS, and LOU WOODWARD, §
 §
      Defendants. §

## MEMORANDUM AND ORDER

Pending before the court are Plaintiffs Dennis Dean Charters and Cathy Charters's ("Plaintiffs") Motion to Remand (#11) and Defendant Entergy Corporation's ("Entergy") Withdrawal of Notice of Removal and Partially Agreed and Partially Opposed Motion to Remand (#18). Having considered the pending motions, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

This case involves the death of Dennis Wade Charters ("Charters"), an electrical lineman who was electrocuted on September 15, 2013, while working at an Entergy Arkansas site near Perryville, Arkansas. According to Plaintiffs, Defendant Source Helicopters ("Source")—an unincorporated entity conducting business in Texas and managed and directed by Defendant Lou Woodward ("Woodward"), a Texas resident—served as an arranger or facilitator for the work at

the Entergy site. Specifically, Source used helicopters to support the work of electrical linemen like Charters.

On September 11, 2014, Plaintiffs filed suit in the 60th Judicial District Court of Jefferson County, Texas, asserting negligence claims against Rogers, Source, and Woodward.[1] Thereafter, Plaintiffs amended their petition, adding negligence claims against Entergy. Entergy was served with the amended petition on April 22, 2015. It removed the case with the consent of the other defendants on the basis of diversity jurisdiction, claiming that Source and Woodward were not properly joined as defendants. After Plaintiffs moved to remand the case, however, Entergy filed the instant motion to withdraw its notice of removal, conceding therein that remand is proper.

Although Rogers, Source, and Woodard purportedly oppose remand, they have failed to file a written response in opposition to either motion. Local Rule CV-7(d) provides that in the event a party fails to oppose a motion in the manner prescribed in the rule, the court will assume that the party has no opposition. In this case, Plaintiffs' motion was filed on June 22, 2015, and Entergy's motion was filed on August 26, 2015. As of today, no response in opposition has been filed, and the deadline for responses has expired. Therefore, under Local Rule CV-7(d), the motions are deemed to be unopposed. Unopposed motions are routinely granted, and this court

---

[1] At the time Charters was killed, Woodward had focused Source's key operations in Beaumont, Jefferson County, Texas.

can discern no reason for failing to grant the current motion.[2] Accordingly, the instant motions are GRANTED. An order of remand will be entered separately.

SIGNED at Beaumont, Texas, this 15th day of September, 2015.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] A review of the record suggests that Source and Woodward, Texas citizens, are properly joined as defendants in this case. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In any event, the burden of demonstrating improper joinder is a heavy one and, in light of Entergy's concession that remand is appropriate and the remaining defendants' failure to respond, the court finds they have failed to show improper joinder. *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014)("[T]he burden of demonstrating improper joinder is a heavy one.").